

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

---

Kuntal Cholera  Tel.: (202) 305-8645
Trial Attorney  E-mail: kuntal.cholera@usdoj.gov

**Re: F.R.C.P. 12(b)(1) Motion in *Mize v. Pompeo*, 19-cv-3331 (N.D. Ga.).**

Defendants' jurisdictional motion applies to Plaintiffs' Constitutional and Administrative Procedure Act ("APA") claims just as it does to Plaintiffs' § 1503 claim. Article III jurisdiction depends on whether plaintiffs allege a live case or controversy, *see* Defs.' Br., at 5-6. Plaintiffs have relied upon the same underlying injuries for all of their claims: certain harms allegedly associated with S.M.-G.'s lack of U.S. citizenship (*e.g.*, travel impediments), and alleged stigma based on the Department of State ("DOS") position on 8 U.S.C. § 1401. Because the former type of harm no longer exists now that S. M.-G. is a citizen, and the latter type of harm is not cognizable, *see* Reply, the Court lacks jurisdiction over all of Plaintiffs' claims.

In addition, an alleged constitutional violation, on its own, does not necessarily constitute an Article III injury. *See*, *e.g.*, *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1230 (11th Cir. 2000) (plaintiff lacked standing to challenge alleged equal protection violation since it did not explain how the allegedly unconstitutional "actions have burdened it or operated to its detriment," and thus "fail[ed] to allege a 'particularized injury.'"). Regardless, Plaintiffs here do not seek relief which could redress this purported injury. Plaintiffs claim that the 2019 denial of their application for a Consular Report of Birth Abroad ("CRBA") constituted a violation of their constitutional rights. Plaintiffs, however, do not seek damages, but rather seek only *prospective* relief. And regardless of any "past injury, a plaintiff seeking [forward-looking] relief 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future,'" which requires "'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328-29 (11th Cir. 2013) (citation omitted); *see also Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). Accordingly, the denial of Plaintiffs' CRBA application is not in itself sufficient for injunctive relief, and Defendants have already explained that any alleged lingering harms associated with S.M.-G.'s prior lack of citizenship are insufficient to maintain jurisdiction. *See Reply; A&M Gerber Chiropractic LLC v. GEICO*, 925 F.3d 1205, 1213 (11th Cir. 2019) ("The Supreme Court has described mootness as merely the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." (quotation marks omitted))

The analysis for the APA claim is equally straightforward. This claim is based on the same legal theory as the section 1503 claim: that S.M.-G. is entitled to U.S. citizenship pursuant to "the clear language and intent of the INA." Compl. ¶ 96. Although Plaintiffs seek broader relief under the APA—an order requiring a wholesale change in DOS's policies—this relief would amount to a nationwide injunction, and is improper and unnecessary to resolve the alleged injuries to Plaintiffs in particular. *See* Defs.' Br., at 6-7. The Court understandably expressed reluctance towards granting such broad relief, *see id.*, and Plaintiffs have provided no reason for the Court to stray from that position. Accordingly, the Court lacks jurisdiction over all of Plaintiffs' claims.

- 2 -

                Respectfully submitted,

                /s/ <u>Kuntal Cholera</u>
                Kuntal V. Cholera
                Trial Attorney
                Federal Programs Branch
                U.S. Dept. of Justice, Civil Division
                1100 L Street, N.W.
                Washington, DC 20001
                Phone: (202) 305-8645
                Fax: (202) 616-8470
                Email: kuntal.cholera@usdoj.gov

CC: All Counsel of record via ECF.