**Plaintiffs' Supplemental Statement regarding 12(b)(1) Motion to Dismiss**

S.M-G.'s § 1503 claim is not moot because, though the harms springing from mere § 1431 citizenship are not absolutely certain to occur, they would never occur "but for" Defendants' incorrect determination and can be completely eliminated by a resolution of this purely legal dispute. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 261 (1977); *see also Bryant v. Yellen*, 447 U.S. 352, 367 (1980); *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 74 (1978).

Even if S.M.-G.'s § 1503 claim were moot, Plaintiffs' APA claim would not be. In the APA context, the inquiry of whether there is an adequate remedy "entails a case-specific evaluation," *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018); *see also Sackett v. E.P.A.*, 566 U.S. 120 (2012), that requires "looking specifically at the party seeking relief and its particular claim." *Hinojosa*, 896 F.3d at 310 (citing *Bowen v. Massachusetts*, 487 U.S. 879, 904 (1988)). The § 1503 claim brought by S.M.-G. alone cannot moot Mize's or Gregg's claims. And the APA claim seeks distinct relief: a declaration that Defendants' policy should be set aside as unlawful. *See Bowen*, 487 U.S. at 904; *Cohen v. United States*, 650 F.3d 717, 732 (D.C. Cir. 2011). The "yawning gap between the relief [§ 1503] affords and the relief [Plaintiffs] seek[] under the APA" means that the APA claim survives. *CREW v. U.S. Dep't of Justice*, 846 F.3d 1235, 1246 (D.C. Cir. 2017).

Plaintiffs' constitutional claims also seek distinct relief—a declaration that S.M.-G. is a U.S. citizen since birth as Mize and Gregg's marital child. Plaintiffs have Article III standing here, too. "Stigmatic injury stemming from discriminatory treatment" experienced by a claimant is cognizable Article III injury and "satisfies the causation requirement of standing doctrine." *Bostic v. Schaefer*, 760 F.3d 352, 372 (4th Cir. 2014); *Allen v. Wright*, 468 U.S. 737, 755 (1984) (noting standing for those "personally denied equal treatment"), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

The disregard of Plaintiffs' family and Mize's and Gregg's marriage and the treatment of S.M.-G. as a non-marital child are not remedied by naturalization under § 1431. Plaintiffs' constitutional claims thus survive, just as the APA claims do. *Heckler v. Matthews*, 465 U.S. 728, 739–740 (1984); *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205 (1972); *Wisconsin v. Constantineau*, 400 U.S. 433 (1971); *Brown v. Bd. of Ed. of Topeka, Shawnee Cty., Kan.*, 347 U.S. 483 (1954).

Lastly, there is prospective relief to be had. Plaintiffs can obtain declaratory relief, for one. In addition, Mize and Gregg intend to have more children and whether they use their fertilized eggs in the United Kingdom and the resulting child is treated as a citizen since birth depends on the policy being declared unlawful or set aside. This is not a case where "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur," or that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (cleaned up). "[A]s long as the court can grant *any* effective relief, the case is not moot." *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1510–11 (D. Ariz. 1990).

| | |
|---|---|
| Dated: July 27, 2020 | Respectfully submitted, |
| | /s/ Omar Gonzalez-Pagan |

| | |
|---|---|
| **Susan Baker Manning*** | **Omar Gonzalez-Pagan*** |
| **Eleanor Pelta*** | **Karen Loewy*** |
| MORGAN LEWIS & BOCKIUS LLP | LAMBDA LEGAL DEFENSE AND |
| 1111 Pennsylvania Avenue, NW | EDUCATION FUND, INC. |
| Washington, DC 20004 | 120 Wall Street, 19th Floor |
| Telephone: (202) 739-3000 | New York, New York 10005 |
| susan.manning@morganlewis.com | Telephone: (212) 809-8585 |
| eleanor.pelta@morganlewis.com | Facsimile: (212) 809-0055 |
| | kloewy@lambdalegal.org |
| **John A. Polito*** | ogonzalez-pagan@lambdalegal.org |
| **Christie P. Bahna*** | |
| MORGAN LEWIS & BOCKIUS LLP | **Tara Borelli** |
| One Market, Spear Street Tower | Attorney Bar No. 265084 |
| San Francisco, California 94105 | LAMBDA LEGAL DEFENSE AND |
| Telephone: (415) 442-1000 | EDUCATION FUND, INC. |
| john.polito@morganlewis.com | Southern Regional Office |
| christie.bahana@morganlewis.com | 730 Peachtree Street NE, Suite 640 |
| | Atlanta, Georgia 30308 |
| **Jacquelynne M. Hamilton*** | Telephone: (404) 897-1880 |
| MORGAN LEWIS & BOCKIUS LLP | tborelli@lambdalegal.org |
| 1701 Market Street | |
| Philadelphia, Pennsylvania 19103 | **Aaron C. Morris*** |
| Telephone: (215) 963-5000 | IMMIGRATION EQUALITY |
| jacquelynne.hamilton@morganlewis.com | 40 Exchange Place, Suite 1300 |
| | New York, New York 10005-2744 |
| *Admitted *pro hac vice* | Telephone: (212) 714-2904 |
| | amorris@immigrationequality.org |

*Attorneys for Plaintiffs*

cc:   All counsel of record via ECF.