# Morgan Lewis

**Susan Baker Manning**
+1.202.373.6172
susan.manning@morganlewis.com

August 3, 2020

**VIA ECF**

Hon. Michael L. Brown
U.S. District Court for the Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

Re:   *Mize v. Pompeo*, No. 1:19-cv-03331-MLB

Dear Judge Brown:

Pursuant to the Court's order during the July 29, 2020 hearing (Hrg. Tr. at 31), Plaintiffs write to address certain of the ongoing harms they face as a result of Defendant's refusal to recognize S.M.-G. as a U.S. citizen from birth under § 301(c) of the Immigration and Nationalization Act, codified at 8 U.S.C. § 1401(c). Plaintiffs continue to be harmed in several ways even if S.M.-G. now qualifies for naturalization under 8 U.S.C. § 1431(a), including because S.M.-G. does not have concrete evidence of her U.S. citizenship. Any future effort Plaintiffs might make to document S.M.-G.'s citizenship would involve significant fees, additional legal costs, or both, as well as delays of up to a year or more. Defendants' Motion to Dismiss should be denied because Defendants conduct continues to harm Plaintiffs, and this Court is fully empowered to remedy these ongoing injuries.

Citizenship under § 1431(a), rather than under § 1401(c), has both immediate and long-term consequences. It is undisputed that an immigrant who naturalizes as a U.S. citizen does not have all of the same legal rights as a citizen at birth—and in particular is ineligible for the presidency and vice-presidency—and also is disadvantaged in seeking security clearances and certain forms of government employment. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 65) ("Opp.") at 9-10.

The difference between citizenship under § 1431(a) and § 1401(c) also has significant near-term practical implications for S.M.-G. Naturalization under Section 1431(a) is "automatic[]." Unlike the typical naturalization process, there is no required application process or oath. *See* 8 U.S.C. §§ 1421, 1448. And, importantly, U.S. Citizenship and Immigration Services ("USCIS") does not issue a Certificate of Naturalization to persons who naturalize under § 1431(a). Thus, although

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC 20004        ☏ +1.202.739.3000
United States               ✉ +1.202.739.3001

DB1/ 115246365.4

**VIA ECF**

Hon. Michael L. Brown
August 3, 2020
Page 2

government counsel may imply to this Court that S.M.-G. appears to qualify for naturalization,[1] absent an order from this Court, she will have no tangible proof of her citizenship.

In arguing that the case is moot, Defendants contend that these ongoing harms can be addressed if Plaintiffs take additional action to obtain a passport.

First, it is inappropriate for Defendants to rely on something Plaintiffs might do in the future to argue that Plaintiffs are not now being injured. If Defendants are willing to remedy the injuries they have caused Plaintiffs, then Defendants should do so. But Defendants have already rejected S.M.-G.'s passport application, there is no pending passport application, Defendants have not stipulated that S.M.-G. is a citizen, and it is Plaintiffs' pending Motion for Partial Summary Judgment—not Defendants' pending Motion to Dismiss—that seeks an order directing the government to issue S.M.-G. a passport. Defendants cannot avoid the merits of this case by demanding that Plaintiffs incur additional expense, delay, and inconvenience to lessen (but not eliminate) government-imposed harm. *See Steinberg v. District of Columbia*, 901 F. Supp. 2d 63, 70 (D.D.C. 2012) (finding that a letter reinstating the plaintiff did not moot plaintiff's request for injunctive relief in part because the relief provided is "contingent on [plaintiff]'s future actions," noting that the "express conditions . . . belie [defendant's] assertion that they have completely satisfied" plaintiff's requirements for relief); *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) (emphasizing that claims for injunctive relief are only considered moot if, inter alia, "interim relief or events have *completely* and *irrevocably* eradicated the effects of the alleged violation") (emphasis added); *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 876 (11th Cir. 2009) ("[a]lmost moot is not actually moot"); *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004) (finding defendants' urging to moot case unconvincing, despite "impending mootness," because the "case is not yet moot and may not be for a significant time"). It is incumbent upon Defendants to show the case is unequivocally moot, a burden they cannot satisfy by requiring action from Plaintiffs. *See Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (recognizing the well-settled principle that the party alleging mootness bears the "heavy burden of persuading the court that the challenged conduct" will not recur).

Second, Defendants' argument ignores the practical hurdles to obtaining and, importantly, always maintaining a passport for S.M.-G. It also ignores the ongoing problems she would still face unless she obtained additional—and expensive—evidence of U.S. citizenship.

The Mize-Greggs anticipate that, at the very least, any future effort to obtain a passport for S.M.-G. would require the assistance of immigration counsel—an expense they would incur on top of the thousands of dollars in attorney fees and application fees they already spent to apply for lawful permanent residency in an effort to keep their daughter from being at risk of deportation. *See* Mize Suppl. Decl. (ECF No. 65-1) ¶ 16. The State Department form DS-11 passport application lists several acceptable forms of proof of citizenship for persons born outside the U.S. *See* https://eforms.state.gov/Forms/ds11.PDF at 2. These include several things S.M.-G. does not have and cannot get: a previously-issued U.S. passport, a Certificate of Naturalization, and a Consular

---

[1] Notably, Defendants merely stated that, if the representations in the Complaint are true, S.M.-G. qualifies for naturalization under § 1431(a). *See, e.g.,* Opp. at 3; Reply (ECF 67) at 1, 2 ("*If* S.M.-G. is now a U.S. citizen ...") (emphasis added); July 29, 2020 Hr'g Tr. at 12. These caveated representations are another reason why the government's statements are not enough to address the ongoing harms Plaintiffs face.

**VIA ECF**

Hon. Michael L. Brown
August 3, 2020
Page 3

Record of Birth Abroad ("CRBA") (the previous denial of which is the basis for this litigation). The other identified acceptable proof is a Certificate of Citizenship. *Id.*[2]

A CRBA "is a formal document certifying the acquisition of U.S. citizenship at birth by a person born abroad to a U.S. citizen parent(s)." 8 FAM 101.1-2(a); see also 22 U.S.C. § 2705 (a CRBA is proof of U.S. citizenship). Most relevant here, a CRBA serves as "a *record of the acquisition of U.S. citizenship at birth* by a child born in a foreign state that *can be used by that citizen throughout life*." 8 FAM 101.1-2(f) (emphasis added). Plaintiffs already paid a non-refundable fee for a CRBA, only to have it denied by Defendants. Hrg. Tr. at 9:7-10. A CRBA is the document that most naturally serves to prove S.M.-G.'s U.S. citizenship (including since birth), without any additional costs or legal steps by Plaintiffs, and it is one this Court can order Defendants to provide.

Alternatively, S.M-G. may be able to obtain a Certificate of Citizenship from USCIS, although this document would not show that she was a citizen at birth, and will require additional non-recoverable expenditures by Plaintiffs. To obtain a Certificate of Citizenship, S.M.-G. will have to apply and Plaintiffs would have to pay a $1,170 fee. *See* https://www.uscis.gov/n-600 (last visited Aug. 3, 2020). USCIS reports that in Atlanta the typical processing time for a Certificate of Citizenship (N-600) application is from 8 to 15 months. *See* https://egov.uscis.gov/processing-times/ (last visited Aug. 3, 2020).

Finally, in the absence of these requested forms of evidence, the Mize-Greggs would need to try to rely on other, non-standard evidence in an effort to obtain a passport for S.M.-G., a process which will necessitate the advice of counsel. *See* https://travel.state.gov/content/travel/en/Intercountry-Adoption/adopt_ref/adoption-FAQs/child-citizenship-act-of-2000.html. However, even if S.M.-G. were to obtain a passport, that would not give her the kind of generally-accepted proof of citizenship she will need throughout her life, and which a CRBA would provide.

Although a current passport is supposed to serve as proof of U.S. citizenship, 8 U.S.C. § 2705, even the government recognizes that this is not always what happens in practice. On its website, USCIS explains that a Certificate of Citizenship, unlike a passport, is widely accepted as proof of citizenship:

> A validly issued U.S. passport generally serves as evidence of your U.S. citizenship during its period of validity unless that passport has been revoked by the Department of State. However, you may be required to submit your Certificate of Citizenship when attempting to apply for certain other benefits, including, but not limited to: • Social Security benefits • State issued ID including a Driver's License or Learning Permit • Financial Aid • Employment • Passport Renewal[.]

USCIS, *N-600, Application for Certificate of Citizenship Frequently Asked Questions*, https://www.uscis.gov/forms/n-600-application-for-certificate-of-citizenship-frequently-asked-questions (last visited Aug. 3, 2020). Moreover, a passport is of limited use as it expires after five

---

[2] The DS-11 form notes that other evidence may be acceptable in two inapplicable situations (the naturalization of a parent and adoption) and in the same situation ("birth abroad to at least one U.S. citizen parent") where the State Department already declined to issue S.M.-G. a passport.

**VIA ECF**

Hon. Michael L. Brown
August 3, 2020
Page 4

years for minors under 16 or after ten years for persons 16 or older. *See* https://travel.state.gov/content/travel/en/passports/passport-help/faqs.html (last visited Aug. 3, 2020). As Defendants would have it, Plaintiffs would need to continually renew S.M.-G.'s passport in order to have proof of her citizenship. At current fee rates, this will cost S.M.-G. at least several hundred dollars over her lifetime, and likely more as fees go up over time. *See* https://travel.state.gov/content/travel/en/passports/how-apply/fees.html (last visited Aug. 3, 2020). By contrast, a CRBA serves as proof of U.S. citizenship throughout life, and it does not expire. *See* 8 FAM 101.1-2(f). In addition, even USCIS acknowledges that a passport may not be sufficient proof of citizenship in all circumstances.

In sum, even if S.M.-G. qualifies for naturalization under § 1431(a), this case is not moot for all of the reasons discussed in Plaintiffs' Opposition and at the July 29, 2020 hearing. Defendants' refusal to issue a CRBA and passport continues to harm Plaintiffs, including by depriving them of the necessary proof of citizenship (since birth) that S.M.-G. needs both now and in the future.

This Court can remedy these harms by declaring that S.M.-G. is a citizen from birth under § 1401(c) and order Defendants to issue her a passport. The Court may also grant such other relief as it deems equitable and just, including ordering Defendants to issue S.M.-G. a CRBA.

Respectfully yours,

*Susan Baker Manning*
Susan Baker Manning

Admitted Pro Hac Vice
Attorneys for Plaintiffs
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington DC 20004
Telephone: (202) 739-3000
Email: susan.manning@morganlewis.com